# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

KATHY HAAKE,

       Plaintiff,

v.

CONN APPLIANCES, INC. d/b/a CONN'S,

       Defendant.

_____

**COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ. AND JURY DEMAND**

_____

## INTRODUCTION

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2. Plaintiff KATHY HAAKE, by Plaintiff's attorney, brings this action to challenge the conduct of CONN APPLIANCES, INC. doing business as CONN'S ("Conn's" or "Defendant"), with regard to its negligent and/or willful violations of the TCPA and state laws.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

7. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

8. Because Defendant conducts business within the State of Colorado, personal jurisdiction is established.

9. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a resident of the City of Englewood, County of Arapahoe, State of Colorado.

11. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 47 U.S.C. § 153 (39).

12. Defendant Conn's has its principal place of business in the City of The Woodlands, in the State of Texas.

13. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

14. At all times relevant, Defendant conducted business in the State of Colorado and is registered as a foreign corporation with the Colorado Secretary of State.

15. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## FACTUAL ALLEGATIONS

16. Between August 2014 and May 2015, Defendant called Plaintiff on her cellular telephone number ending in 9210 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendant is registered in the state of Texas with a permit for using an Automatic Dial Announcing Device, which is defined as "automated equipment used for telephone solicitation or collection that can: (a) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator; and (b) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator." Tex. Utilities Code § 55.121.  Such equipment would also qualify as an ATDS under the TCPA.

19. Defendant used this equipment to conduct an intensive collection campaign against Plaintiff on her cellular telephone.

20. In total, Plaintiff has received over 400 calls from Defendant on Plaintiff's cellular telephone. Many of these calls were received on the same day, with up to six calls in a single day.

21. For example, Plaintiff received approximately 80 calls from Defendant during the month of January 2015.  This high volume of calls indicates that such calls were not dialed manually.

4

22. Defendant called Plaintiff's cellular phone using at least 15 distinct telephone numbers.
23. Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating over the phone that she no longer wished to be contacted by phone. Plaintiff made this request on multiple occasions in January 2015.
24. Plaintiff also submitted multiple complaints to the Federal Trade Commission.
25. Furthermore, on or about February 1, 2015, she submitted a complaint to the Attorney General's Office of Colorado, in which Plaintiff stated "I finally told them to stop calling and several times since." Defendant received notice of this written complaint prior to March 16, 2015.
26. Despite these clear and unmistakable requests to stop calling, the calls continued. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.
27. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral and written revocations.
28. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.
29. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs each incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
30. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).
32. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
33. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.
34. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use her phone.
35. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, Plaintiff missed many important communications from friends and family.
36. The number of calls made to Plaintiff rose to the level of wanton and/or reckless disregard for the rights of Plaintiff.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiffs made multiple requests for Defendant to stop calling them.

43. Each call after Plaintiffs requested Defendant stop calling Plaintiff's cell phones constitutes a knowing and/or willful violation of the TCPA.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### NEGLIGENCE

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant had a duty to use care to not infringe on consumers' privacy rights when collecting on alleged debts and not calling Plaintiff hundreds of times to harass and/or abuse Plaintiff.

49. Defendant breached that duty by calling Plaintiff on Plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's requests that the calls stop.

50. Plaintiff was harmed and suffered injury as described above.

51. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

52. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wontonly negligent manner, said conduct demonstrates

Defendants' conscious disregard for the rights of Plaintiff and her family. As such Plaintiff is entitled to recover punitive damages from Defendant in addition to her special, compensatory, and general damages.

COUNT IV

COLORADO CONSUMER CREDIT CODE

C.R.S. § 5-5-109

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant entered into a "consumer credit transaction" with Plaintiff, as that term is defined in C.R.S. § 5-1-301(11), for goods or services for a personal, family or household purpose.

55. Each of these calls made by Defendant was an attempt to collect on a consumer debt that arose from a consumer credit transaction with Plaintiff.

56. Defendant engaged is unconscionable conduct in collecting a debt by calling Plaintiff at frequent intervals, starting on the day after her payments became due, or even before payments became due.

57. Plaintiff received approximately 80 calls in a single month, with multiple calls on a single day.  The primary purpose of these incessant calls was to harass Plaintiff.

58. As a result, Plaintiff has sustained actual damages as described above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**COUNT I**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(d)(3)(A), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff is entitled $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227; and
- Any and all other relief that this Court deems just and proper.

**COUNT II**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(A), Plaintiff is entitled to treble damages, as

  provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227; and
- Any and all other relief that the Court deems just and proper.

### COUNT III

- As a result of Defendant's gross negligence, Plaintiff is entitled to any special general, compensatory, and punitive damages.
- Reasonable costs of suit; and
- Any and all other relief that the Court deems just and proper.

### COUNT IV

- As a result of Defendant's unconscionable conduct, Plaintiff is entitled to actual damages;
- A permanent injunction, restraining and enjoining Defendant from engaging in any conduct that violates C.R.S. § 5-5-109; and
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 6, 2016

Respectfully submitted,

By: /s/ Sarah T. McEahern
Sarah T. McEahern, Esq.
HYDE & SWIGART
1525 Josephine St.
Denver, CO 80206
Telephone: (303) 731-5493
FAX: (800) 635-6425
Email: sm@westcoastlitigation.com

*Attorney for Kathy Haake*